**HAGGERTY, GOLDBERG, SCHLEIFER & KUPERSMITH, P.C.**
**BY:  RICHARD T. KUPERSMITH, ESQUIRE**
**Attorney I.D. No:  52614**                          **ATTORNEY FOR PLAINTIFF**
1835 Market St., Suite 2700
Philadelphia, PA  19103
(267) 350-6600
(215) 665-8201 facsimile
-------------------------------------------------------------------------------------------------------------

## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSE G. GARCIA<br>1055 Jonquil Court, Apt. 1A<br>Naples, FL  34109 | : <br> : <br> : <br> : | |
| VS. | : <br> : | |
| FRANCISCO DEPEDRO<br>202 Midland Avenue<br>Reading, PA  19606<br>AND<br>MUSCHLITZ EXCAVATING, INC.<br>615 Moorestown Drive<br>Bath, PA  18014 | : <br> : <br> : <br> : <br> : <br> : <br> : | CIVIL ACTION NO: |

## CIVIL ACTION COMPLAINT

1.      Plaintiff, Jose G. Garcia is a citizen and resident of the State of Florida, residing therein at the address referenced above, who brings this personal injury action for damages pursuant to the laws of the Commonwealth of Pennsylvania.

2.      Defendant, Francisco Depedro is a citizen and resident of the Commonwealth of Pennsylvania, residing therein at the address listed above.

3.      Defendant, Muschlitz Excavating, Inc., is a corporation duly organized and existing under and by virtue of the laws of the Commonwealth of Pennsylvania, regularly conducting business in Northampton County with a principle place of business at the address set forth above.

4.      Jurisdiction in this matter is based on diversity of citizenship pursuant to 28 U.S.C. §1332 and the matter in controversy exceeds the sum of $75,000.00 exclusive of interest and costs.

5.      On or about April 12, 2019, plaintiff, Jose G. Garcia was the operator of a 2018 Ford Transit vehicle owned by Pitney Bowes Presort Services traveling eastbound on the State Route 61 on-ramp merging onto eastbound Interstate 78 in Tilden Township, Berks County, Pennsylvania.

6.      At the time and place as aforementioned, defendant, Francisco Depedro was the operator of a 2014 Ford F-550, owned by defendant, Muschlitz Excavating, Inc., and was also traveling eastbound on the State Route 61 on-ramp merging onto eastbound Interstate 78 in Tilden Township, Berks County, Pennsylvania, and immediately to the rear of the vehicle operated by plaintiff, Jose G. Garcia.

7.      At all relevant times, including at the time of the subject collision, defendant, Francisco Depedro, was acting on behalf of, and in the course and scope of his employment, service, work, labor, and/or agency for, defendant, Muschlitz Excavating, Inc..

8.      At the time and place as aforementioned, defendant, Francisco Depedro, while acting on behalf of, and in the course of his employment, service, work, labor and/or agency for, defendant, Muschlitz Excavating, Inc., did cause his vehicle to violently strike the rear of the vehicle operated by plaintiff as a result of which plaintiff sustained serious, painful, and permanent personal injuries more particularly hereinafter described below.

9.      The accident as aforementioned was caused solely and exclusively as a direct and proximate result of the negligence and carelessness of the defendants herein and was due in no manner whatsoever to any act or failure to act on the part of plaintiff.

10.     As agent, servant, laborer, workman and/or employee of defendant, Muschlitz Excavating, Inc., the negligence and carelessness of defendant, Francisco Depedro, including, but not limited to, the actions set forth in paragraph 11 below, are imputed to defendant, Muschlitz Excavating, thereby.

11.     The negligence, carelessness and liability producing conduct of the defendant, Francisco Depedro, consisted of, but is not limited to, the following:

      (a)    Operating his vehicle at an excessive rate of speed under the circumstances;

      (b)    Failing to have his vehicle under proper and adequate control at the time;

      (c)    Failing to give proper and sufficient warning of the approach of his vehicle to plaintiff;

      (d)    Operating his vehicle without due regard for the rights, safety and position of the plaintiff herein at the point aforesaid;

      (e)    Failing to take due regard for the point and position of plaintiff's vehicle as aforesaid;

      (f)    Violating the local Ordinances and Statutes pertaining to the operation of motor vehicles on the highway, including Title 75 Pa.C.S.A. Section 3310A Following too Closely.

      (g)    Failing to maintain a clear and assured distance from the vehicle of the plaintiff;

      (h)    Failing to properly enter and/or merge onto a highway.

12.    In addition to the above listed negligence and carelessness of defendant Depedro, which is imputed to defendant Muschlitz Excavating, as aforesaid, defendant Muschlitz Excavating further failed and was negligent in:

      (a)    Failing to properly supervise, conduct proper hiring practices and/or train Francisco Depedro, in the safe operation of its motor vehicles;

    (b)        Permitting defendant, Francisco Depedro, to operate its vehicle in a careless fashion;

    (c)        Failing to create and/or enforce proper internal safety regulations and procedures for the safe and proper operation of the defendant's vehicle and its load over public highways;

    (d)        Failing to assure that its driver was aware of defensive driving procedures to avoid an accident.

    (e)        Permitting defendant, Francisco Depedro, to operate its vehicle in violation of Pennsylvania rules and regulations and the traffic laws of the Commonwealth of Pennsylvania;

    (f)        Permitting its vehicle to have a GPS device that would pose as a distraction for its driver.

13.    As a result of the negligence and carelessness of the defendants, jointly and severally, as aforementioned,  plaintiff, Jose G. Garcia sustained multiple injuries including, but not limited to, central and right sided disc protrusion at L4-L5 with impingement upon the right anterolateral thecal sac, disc bulging at L5-S1, lumbar myositis, lumbar radiculopathy, lumbosacral sprain/spasm, lumbar somatic dysfunction, cervical sprain and strain, aggravation of prior injuries, and such other injuries to his head, neck, back, arms, and legs, their bones, tissues, cells, members and organs, along with shock and injury to his nerves and nervous system, all of which plaintiff has been advised may be permanent in nature, irreparable and severe.

14.    As a further result of the negligence and carelessness of the defendants, jointly and severally, as aforementioned, plaintiff has undergone physical pain and anguish, and he will continue to endure the same for an indefinite time in the future, to his detriment and loss.

15.    As a further result of the negligence and carelessness of the defendants, jointly and severally, as aforesaid, plaintiff has expended and/or incurred sums of money for medical attention in an attempt to affect a cure for his injuries, and plaintiff may be compelled to expend

and/or incur additional sums for such medical attention and care for an indefinite time in the future, to his detriment and loss.

16.     As a further result of the negligence and carelessness of defendants, jointly and severally, as aforesaid, plaintiff has and may in the future suffer a loss because of expenses which have been or may be reasonably incurred in obtaining ordinary and necessary services in lieu of those which plaintiff would have performed, not for income, but for the benefit of himself, if he had not been injured.

17.     As a further result of negligence and carelessness of defendants, jointly and severally, as aforesaid, plaintiff has suffered an impairment of his earnings and earning power, and plaintiff may continue to suffer such earnings loss for an indefinite time in the future all to his detriment and loss.

18.     As a further result of the negligence and carelessness of defendants, jointly and severally, as aforesaid, plaintiff, has been unable to attend to his usual and daily activities, has been deprived of the pleasures of life, has suffered embarrassment and humiliation and plaintiff may continue to suffer same for an indefinite time in the future to his detriment and loss.

WHEREFORE, plaintiff, Jose G. Garcia demands judgment against the defendants, jointly and severally, in an amount IN EXCESS of SEVENTY-FIVE THOUSAND ($75,000.00) DOLLARS.

HAGGERTY, GOLDBERG, SCHLEIFER & KUPERSMITH, PC

BY: _____
        RICHARD T. KUPERSMITH, ESQUIRE

DATE: April 8, 2021      Attorney for Plaintiff